IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JUSTIN FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| SONIC RESTAURANTS, INC. and ) | |
| MASON HARRISON RATLIFF ) | |
| ENTERPRISES, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, JUSTIN FERGUSON, by and through the undersigned counsel, and files this, his Complaint against Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, JUSTIN FERGUSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant County).

3. Plaintiff is disabled as defined by the ADA.

1

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to Sonic and the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, SONIC RESTAURANTS, INC., is a foreign company that transacts business in the State of Texas and within this judicial district.

8. Defendant, SONIC RESTAURANTS, INC., may be properly served with process via its registered agent for service, to wit: c/o Corporation Service Company, d/b/a CSC-Lawyers Inc., 211 East 7th Street, Suite 620, Austin, TX 78701.

9. Defendant, MASON HARRISON RATLIFF ENTERPRISES, LLC (hereinafter "MASON HARRISON RATLIFF ENTERPRISES, LLC"), is a foreign limited company that transacts business in the State of Texas and within this judicial district.

10. Defendant, MASON HARRISON RATLIFF ENTERPRISES, LLC, may be properly served with process via its registered agent for service, to wit: Justin Chandler, Registered Agent, 5038 Trail Lake Drive, Fort Worth, TX 76133.

**FACTUAL ALLEGATIONS**

11.     On or about August 27, 2019, Plaintiff was a customer at Sonic, a business located at 5009 Trail Lake Drive., Fort Worth, TX  76133 referenced herein as the "Sonic."

12.     Sonic is operated by Defendant, SONIC RESTAURANTS, INC.

13.     MASON HARRISON RATLIFF ENTERPRISES, LLC is the owner or co-owner of the real property and improvements that Sonic is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives 2 miles from Sonic and the Property.

15.     Plaintiff has visited Sonic and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Sonic and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Sonic and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Sonic and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting Sonic and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17.     Plaintiff's access to the business(es) located at 5009 Trail Lake Drive., Fort Worth, TX  76133, Tarrant County Property Appraiser's account number 07697716 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited

3

because of his disabilities, and she will be denied and/or limited in the future unless and until Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at Sonic and the Property, including those set forth in this Complaint.

18. Plaintiff travelled to Sonic and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Sonic and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Sonic and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria,

   (v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

 21. Congress explicitly stated that the purpose of the ADA was to:

   (i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

   (iv)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

 22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

 23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

 24. Sonic is a public accommodation and service establishment.

 25. The Property is a public accommodation and service establishment.

 26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to

implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. Sonic must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Sonic and the Property in his capacity as a customer of Sonic and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Sonic and the Property that preclude and/or limit his access to Sonic and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Sonic and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Sonic and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Sonic and the Property that preclude and/or limit his access to Sonic and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, have discriminated against Plaintiff (and others with

disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Sonic and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, are compelled to remove all physical barriers that exist at Sonic and the Property, including those specifically set forth herein, and make Sonic and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced, observed and or was made aware of prior to the filing of the Complaint that precluded and/or limited Plaintiff's access to Sonic and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Sonic and the Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) There is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(ii)   Both accessible parking spaces are missing a proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii)  Due to a policy of placing a pole and ordering device in the accessible parking space, the accessible parking space is not clear or level and is in violation of Section 502.4 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access public features of the Property.

(iv)   Due to a policy of placing a pole and ordering device in the accessible parking space access aisle, the accessible parking space access aisle is not clear or level and is in violation of Section 502.4 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access public features of the Property.

(v)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the presence of multiple large circular trash cans, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access public features of the Property such as the restroom and the exterior eating area.

(vi)   Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the presence of multiple large circular trash cans, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of

the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This violation made it difficult for Plaintiff to access public features of the Property such as the restroom and the exterior eating area.

(vii) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the presence of multiple large circular trash cans, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property such as the restroom and the exterior eating area.

(viii) The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation will make it difficult for Plaintiff to utilize public transportation in the future to patronize Sonic and the Property.

(ix) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) Restrooms have a sink with inadequate knee and toe clearance, due to the presence of bars under the sink, in violation of Section 306 of the 2010 ADAAG

9

    standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Sonic and the Property.

36. Plaintiff requires an inspection of Sonic and the Property in order to determine all of the discriminatory conditions present at Sonic and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring Sonic and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Sonic and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Sonic and the Property is readily achievable because Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, have the financial resources to make the necessary modifications.

41. Upon information and good faith belief, Sonic and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Sonic and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, to modify Sonic and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, SONIC RESTAURANTS, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, MASON HARRISON RATLIFF ENTERPRISES, LLC, in violation of the ADA and ADAAG

(c) That the Court issue a permanent injunction enjoining Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, SONIC RESTAURANTS, INC. and MASON HARRISON RATLIFF ENTERPRISES, LLC, to (i) remove the physical barriers to access and (ii) alter the subject Sonic and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 4, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

 /s/  Douglas S. Schapiro_____
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

 /s/  Emil Lippe, Jr._____
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
JUSTIN FERGUSON